IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Great American Alliance Insurance Company, as subrogee of Bluewater Villas Homeowners Association, Inc., <br><br> Plaintiff, <br> vs. <br><br> Four of a Kind Services, LLC, <br><br> Defendant. | CASE NO.: 4:22-cv-04617-JD <br><br> **ORDER** |

Before the Court is Defendant Four of a Kind's Omnibus Motion in Limine. (DE 47.) Great American Alliance Insurance Company, as subrogee of Bluewater Villas Homeowners Association, Inc., has responded in opposition. (DE 49.) After reviewing the motion and memoranda submitted, the Court grants the motion in part for the reasons stated below.

## I.     BACKGROUND

### A.     Factual and Procedural Background

This matter arises from a subrogation action filed by Plaintiff Great American Alliance Insurance Company ("Great American"), as subrogee of Bluewater Villas Homeowners Association, Inc. ("Bluewater"), following an $800,000 settlement payment made in connection with a bodily injury claim asserted by James Dennison. (DE 1.) According to the complaint, Dennison, an on-duty security guard, slipped and fell on ice at the Bluewater property on January 3, 2018. (DE 1 at 2.) At the time,

1

Defendant Four of a Kind Services, LLC ("FOAKS" or "Defendant") was under contract to provide maintenance and repair services for the premises, including salting and sanding icy areas. (*Id.* at 3.) Plaintiff alleges that FOAKS failed to perform its duties adequately, proximately causing Dennison's injuries.

Great American filed this action alleging claims for indemnity and contribution. (DE 1.) Plaintiff's claims for contractual and equitable indemnity were dismissed by prior consent order of the Court (DE 45), which resolved those claims while allowing the contribution claim to proceed, which also denied Defendant's motion to dismiss as to the remaining subrogation claims, finding subject matter jurisdiction proper under 28 U.S.C. § 1332.

Defendant now moves in limine to exclude seven categories of evidence (DE 47). Plaintiff has responded in opposition to two categories (DE 49). The motion is ripe for ruling.

## II. STANDARD

"Questions of trial management are quintessentially the province of the district courts." *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006). "The purpose of a motion in limine is to allow a court to rule on *evidentiary* issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *United States v. Verges*, No. 1:13-cr-222-JCC, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014) (emphasis added). When ruling upon a motion in limine, a federal district court exercises "wide discretion." *United States v. Aramony*, 88 F.3d 1369, 1377 (4th Cir. 1996) (quoting *United States v. Heyward*, 729 F.2d 297, 301 n. 2 (4th Cir. 1984)).

2

However, a motion in limine "should be granted only when the evidence is clearly inadmissible *on all potential grounds*." *Verges*, 2014 U.S. Dist. LEXIS 17969, 2014 WL 559573, at *3; *see also Fulton v. Nisbet*, C/A No. 2:15-4355-RMG, 2018 U.S. Dist. LEXIS 13342, 2018 WL 565265, at *1 (D.S.C. Jan. 25, 2018) (emphasis added). Courts routinely deny motions in limine that seek to exclude broad categories of evidence or that lack specificity. *United States ex rel. Lutz v. BlueWave Healthcare Consultants, Inc.*, No. 9:11-CV-1593-RMG, 2017 WL 11621327, at *1 (D.S.C. Nov. 16, 2017).

### III.   DISCUSSION

The Court will address each category of evidence challenged in Defendant's motion in turn. First, Defendant seeks to exclude any reference to its liability insurance coverage. The Court finds this request well-taken. Federal Rule of Evidence 411 and longstanding South Carolina authority preclude the introduction of liability insurance evidence for the purpose of proving fault or negligence. *See Dunn v. Charleston Coca Cola Bottling Co.*, 311 S.C. 43, 426 S.E.2d 756 (1993). As Plaintiff does not oppose this portion of the motion, the Court grants it.

Second, Defendant moves to exclude evidence of settlement negotiations in this case and the underlying Dennison lawsuit. Such evidence is inadmissible under Federal Rule of Evidence 408, which bars offers to compromise and related statements when offered to prove liability. Plaintiff again does not oppose this request, and the motion is accordingly granted.

Third, Defendant seeks to exclude any evidence relating to punitive damages and attorneys' fees. Plaintiff has affirmatively disclaimed these claims in briefing on

3

summary judgment (DE 42), rendering the motion effectively unopposed. In the interest of avoiding jury confusion or prejudice, this portion of the motion is granted.

Fourth, Defendant challenges the admissibility of evidence concerning prejudgment interest, arguing that Plaintiff failed to plead it and is, therefore, precluded from recovering it. The Court agrees. Under South Carolina law, a claim for prejudgment interest must be specifically pled. Plaintiff's Complaint (DE 1) includes no such claim, and the underlying contribution claim does not involve damages fixed or capable of being reduced to certainty at the time of breach. See *ee Tilley v. Pacesetter Corp.*, 355 S.C. 361, 375-76, 585 S.E.2d 292, 299 (2003); *Plowden Constr. Co. v. Riverbanks Park Dist.*, 2008 WL 9841183, at *4 (S.C. Ct. App. Mar. 25, 2008). This portion of the motion is, therefore, granted.

Fifth, Defendant requests that Plaintiff's recovery be capped at $800,000, the amount it paid in the underlying settlement. Plaintiff has not opposed this request. The Court notes that under well-established principles of subrogation, an insurer-subrogee's recovery is limited to the amount actually paid on behalf of its insured. *See Calvert Fire Ins. Co. v. James*, 236 S.C. 431, 114 S.E.2d 832 (1960); *Allstate Ins. Co. v. Electrolux Home Products, Inc.*, No. 4:16-cv-03666, 2017 WL 2216298 (D.S.C. May 19, 2017). Accordingly, the Court grants this portion of the motion and limits any recovery by Plaintiff to $800,000.

Sixth, Defendant seeks exclusion of an investigative report prepared by William Koerner for a third-party insurer, Philadelphia Indemnity Insurance Company, as well as a salt map created by FOAKS referenced therein. Defendant

4

argues the documents constitute inadmissible hearsay. However, Plaintiff indicates that B.J. Gordon, a FOAKS employee identified in the report, will testify at trial and can authenticate the salt map pursuant to Rules 803(6) and 901. Given the potential for proper foundation at trial and the relevance of the salt map to Plaintiff's claims, the Court finds that exclusion at this stage would be premature. This portion of the motion is denied.

Finally, Defendant seeks to exclude the transcripts of depositions taken in the Dennison lawsuit, asserting they are inadmissible hearsay. Plaintiff, however, states that it intends to call each of the four deponents—Dennison, Gordon, Chaffin, and Wisnoski—as trial witnesses. Should these witnesses testify, their prior deposition statements may become admissible under Rule 801(d)(1) or for impeachment. The Court finds that exclusion of this evidence before trial would be inappropriate and denies this request.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Omnibus Motion in Limine (DE 47) seeking to exclude evidence and testimony is:

- GRANTED as to Sections I (liability insurance), II (settlement negotiations), III (punitive damages and attorneys' fees), Section V (damages cap), and IV (prejudgment interest);

- DENIED as to Sections VI (Koerner report and salt map) and VII (deposition transcripts).

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 1, 2025

6